◼ WARD WEISS, Appellant, v. ALEXANDER'S RENT-A-CAR, INC., et al., Respondents.— In an action to recover damages for personal injuries, based on negligence and breach of warranty, plaintiff appeals from a judgment of the Supreme Court, Kings ·County, entered December 13, 1971, in favor of defendants, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. In the complaint, plaintiff pleaded causes of action in negligence and breach of warranty against defendant Alexander's Rent-A-Car, Inc. (hereinafter called "Alexander's") and a cause of action in negligence against defendant Chrysler, Inc. At the trial, plaintiff testified that he rented an automobile from Alexander's on April 19, 1967. The car had been manufactured by defendant Chrysler. Plaintiff further testified that there was a tightness in the steering wheel, that the car pulled to the left and that shortly thereafter the car hit a bump or rut in the road, the steering wheel froze, the brakes failed and the car plunged diagonally to the left into 'a tree on a highway island divider. ·Plaintiff produced an expert witness at the trial whose credentials were not objected to. The expert had no personal knowledge of the accident and had never seen the damaged car. However, he had experience in repairing cars of a similar model and year. He was asked a proper hypothetical question which incorporated the main elements of plaintiff's version of the accident. Plaintiff's counsel then attempted several times by different phraseology to ask the witness his opinion, based on a reasonable degree of scientific certainty, as to what had caused the car to behave as described by plaintiff. Defense objections to the hypotheticals asked, and any answers thereto, were sustained by the trial court, primarily on the ground that the expert had not seen the car and was not qualified to give answers to any hypothetical question. In our opinion, the trial court erred in its ruling on this issue. The conclusion sought from the expert depended upon professional and scientific skill which was not within the range of ordinary training or intelligence (Richardson, Evidence [9th ed.], § 387; *Dougherty* v. *Milliken,*

163 N. Y. 527). Under these circumstances, plaintiff's expert should have been allowed to answer the hypothetical questions submitted to him and give an opinion, which could then be accepted or rejected by the jury (see *Sarfati* v. *Hittner & Sons*, 30 N Y 2d 613). Nor can this error be deemed harmless. The opinion of plaintiff's expert constituted a major element in plaintiff's case and the preclusion of the expert's testimony, in our opinion, deprived plaintiff of a fair trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.